# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50983
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 7, 2014

Lyle W. Cayce
Clerk

HELEN LEE-KHAN,

Plaintiff–Appellant,

versus

AUSTIN INDEPENDENT SCHOOL DISTRICT,

Defendant–Appellee.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:13-CV-147

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:*

Helen Lee-Khan was a counselor at Martin Middle School within the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50983

Austin Independent School District ("AISD") from 2007 until she was laid off in a district-wide reduction-in-force (or "RIF") in 2011. She applied for but was denied rehire. She sued under 42 U.S.C. § 1983, alleging that AISD saw to it that no schools in the district would rehire her, despite preferences given to former employees who were subject to the RIF, as retaliation for her exercise of constitutionally protected speech.[1] Agreeing with the district court that Lee-Khan has failed to allege enough facts to support a plausible inference of any unconstitutional conduct or policy fairly attributable to AISD under § 1983, we affirm.

After she was laid off, Lee-Khan applied for twelve different positions within the district, including several counselor positions (which were consistent with her professional background) and a variety of positions such as assistant principal, security guard, head custodian, manager of media relations, public relations coordinator, band teacher, library media technician, technology help desk, and human resources administrative support. She was granted interviews for some of these positions but ultimately was not hired, despite an ostensible preference for employees laid off under the RIF. Several of the positions were filled with transfers from other schools (rather than new hires) and some with former retirees. At least three counseling positions, though, were filled with persons from out of state who did not have Texas certification.

Lee-Khan alleges that her failure to be rehired manifested AISD's retaliation against her for engaging in the following putatively protected speech:

1. In October 2008, she testified in an employment discrimination case against AISD on behalf of a colleague.

2. In 2009, she "advised the School Administration of several potential

---

[1] Lee-Khan also originally sued under other theories, but only the § 1983 claim is relevant for this appeal.

testing and scheduling violations," "raised concerns to the campus administration about issues affecting the Special Education Program," and "complained about a number of Special Ed students being placed into Pre-AP classes to accommodate glitches in the master schedule."

3. In November 2010, she "complained about a student being potentially harmed if improperly placed in Special Ed without full-scale testing and timely implementation and monitoring. . . ."

We review dismissals under Federal Rule of Civil Procedure 12(b)(6) *de novo*. *Gibson v. Tex. Dep't of Ins.—Div. of Workers Comp.*, 700 F.3d 227, 233 (5th Cir. 2012). To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege sufficient facts to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

The particular defendant that Lee-Khan has chosen to sue is AISD—not any individual who was actually involved in the hiring and decisions for the dozen positions she applied for. Having chosen AISD as the defendant, Lee-Khan has a difficult burden to meet. Local governments, municipalities, and school boards are "persons" subject to liability under § 1983, but they cannot be held liable under § 1983 on a *respondeat superior* theory. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). So, it is not enough for Lee-Khan to show that any particular individual decided not to hire her because of her First Amendment activities;[2] she must find some action attributable directly to AISD to obtain a judgment against it.[3]

---

[2] We assume, without deciding, that Lee-Khan's speech was actually protected under *Nixon v. City of Houston*, 511 F.3d 494, 497 (5th Cir. 2007).

[3] *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 167 (5th Cir. 2010) ("Municipal liability requires deliberate action attributable to the municipality that is the direct cause of

No. 13-50983

Lee-Khan attempts to meet this burden by presenting a theory that the only explanation for her lack of success is an official policy on AISD's part to retaliate against her for engaging in protected speech several years ago.[4] She alleges that AISD "pervasively discriminate[s] against individuals who practice their rights of free speech and association to speak out against discriminatory practices within the school district" and that such retaliation betrays the "custom and practice" of AISD. Yet, she has failed to identify a single other individual who suffered from this alleged "pervasive[]" policy. In fact, she fails to allege that her lack of success as to *any* of the positions she ultimately did not get was a result of speech she engaged in years prior or even that any person making hiring decisions had any idea that she had engaged in them (much less that AISD was aware of her speech at the relevant times, cared much about them, and thereby ensured that she would not be rehired years later because of them).

The lack of any indication that Lee-Khan's speech activities were known by or of concern to the AISD, the veritable kaleidoscope of positions she applied to, the context in which most of those positions were ultimately filled, and the remarkable time lag between her putative protected speech and the hiring decisions are all such that the inference that she would like the court to draw (*viz.*, that there can be no explanation of why she was not rehired *except* that

---

the alleged constitutional violation."); *see also Piotrowski v. City of Hous.*, 237 F.3d 567, 578 (5th Cir. 2001) ("[M]unicipal liability . . . requires proof of . . . a policy maker; an official policy; and a violation of constitutional rights whose moving force is the policy or custom."); *Jett v. Dall. Indep. Sch. Dist.*, 7 F.3d 1241, 1243 (5th Cir. 1993) (describing several ways to meet this burden).

[4] *See Zarnow*, 614 F.3d at 168–69 ("We have identified two forms that an 'official policy' may take. First, a plaintiff may point to a policy statement formally announced by an official policymaker. . . . In the alternative, the plaintiff may demonstrate a persistent widespread practice . . . [which] is so common and well settled as to constitute a custom that fairly represents municipal policy.").

No. 13-50983

AISD had a policy of retaliating against employees who speak out that manifested throughout the hiring decisions of the district) is facially implausible.[5] Therefore, the district court rightly dismissed, and the judgment is AFFIRMED.

---

[5] *Cf. id.* at 169 (affirming a dismissal where a plaintiff presented "no testimony that the plain view doctrine was misused in another case").

5